**1411-CC00247**

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

STATE OF MISSOURI    )
                             )
ST. CHARLES COUNTY   )

### IN THE CIRCUIT COURT OF THE ST. CHARLES COUNTY
### STATE OF MISSOURI

| | | |
|---|---|---|
| JENNY LARSON, individually and on behalf of others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| DUC TANG D.D.S., Serve: Duc Tang, D.D.S. 3009 Winghaven Blvd O'Fallon, MO 63366 ST. CHARLES COUNTY | ) ) ) ) ) ) | ST. CHARLES COUNTY SHERIFF |
| HEARTLAND DENTAL CARE, LLC Serve: CSC – Lawyers Incorporating Service Company 221 Bolivar Street Jefferson City, MO 65101 COLE COUNTY | ) ) ) ) ) ) ) | COLE COUNTY SHERIFF |
| JOHN DOES 1-10 Hold Service | ) ) ) | HOLD SERVICE |
| Defendants. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, JENNY LARSON ("Plaintiff"), brings this class action complaint against Defendants, DUC TANG D.D.S. d/b/a Family Dental Care at Winghaven, HEARTLAND DENTAL CARE, LLC, and JOHN DOES 1-10 (collectively "Defendants") to stop Defendants' practice of making unsolicited text message calls to cellular telephones and to obtain statutory damages and other relief for Plaintiff and all other class members. Plaintiff's allegations are based upon information and belief, except as to her own actions, which are based on knowledge.


EXHIBIT
A

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

Plaintiff's information and belief is based on the investigation of counsel, as follows:

## **INTRODUCTION**

1. This case challenges Defendants' practice of sending unsolicited advertisements to consumers via text message.

2. Defendant, DUC TANG D.D.S., dentist is doing business as Family Dental Care at Winghaven, practicing at Family Dental Care at Winghaven in St. Charles County.

3. Defendant, HEARTLAND DENTAL CARE, LLC is a Delaware corporation registered to do business in Missouri.

4. In marketing dental services, Defendants have engaged in a pernicious form of their marketing:  the transmission of unauthorized advertisements in the form of text message calls to cell phone numbers.

5. By sending these text messages, Defendants have caused consumers harm, not only because consumers were subjected to the aggravation that accompanies unsolicited text messages, but also because consumers pay for the cellular telephones that receive the text messages.

6. As alleged more fully herein, Defendants' conduct in sending the unsolicited text messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits automated, unsolicited voice and text calls to cell phones.

7. On behalf of itself and a nationwide class, Plaintiff seeks statutory damages for herself and all class members and all other relief the Court deems appropriate.

Electronically Filed - St. Charles Circuit Div - March 13, 2014 - 06:54 PM

## JURISDICTION

8. This court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

## THE PARTIES

9. Plaintiff is a Missouri resident.

10. Defendant, DUC TANG D.D.S., dentist is doing business as Family Dental Care at Winghaven, practicing at Family Dental Care at Winghaven.

11. Family Dental Care at Winghaven is part of Heartland Dental Care, LLC.

12. Defendant, HEARTLAND DENTAL CARE, LLC is a Delaware corporation registered to do business in Missouri.

13. Defendants, DOES 1-10, will be identified in discovery but are not presently known.   JOHN DOES 1-10 may be individuals who knowingly and actively participated in, approved of and ratified the text messaging campaign complained of herein by one or more of the following:  (a) directed or participated in the creation or assembly of a list of cellular phone numbers; (b) determined the script of the messages to be sent by text to the cellular phone numbers; (c) determined the frequency of the text messages to be sent; and (d) retained, hired and paid third parties to send the messages to be transmitted.

## FACTS

14. Text messages provide a means for sending (or "texting") short (160 characters or

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

less) messages to wireless telephones ("cellular telephones") using the Short
Messenger Service ("SMS").  Texting is available on most cellular phones.

15. The most common application of texting is person-to-person personal messaging.
However, text messages can be sent by automated systems.

16. Businesses continually look for cost-effective methods for mass marketing their
goods and services.  In addition to conventional advertising, some businesses
have seen the widespread use of cellular phones and texting by consumers as a
marketing opportunity.

17. Unlike conventional advertising—such as newspaper or direct mail advertising—
text message advertising requires the use of technology (*i.e.*, the cellular
telephone) owned and paid for by the recipients and causes additional usage
charges to the recipient.

18. In mass marketing its products, goods, or services referred to above, DUC TANG
D.D.S. d/b/a Family Dental Care at Winghaven, HEARTLAND DENTAL CARE,
LLC, and JOHN DOES 1-10 have caused a mass transmission of impersonal,
generic, advertising text messages to cellular phone users in the hopes of gaining
income from consumers who will purchase Dr. DUC TANG's and HEARTLAND
DENTAL CARE, LLC,'s dental services.

19. On or about November 1, 2011, Defendants or someone acting on Defendants'
behalf, sent the following text message to a cellular telephone number on
Plaintiff's cellular telephone account:

**Food Drive 11/1 – 11/30!  Discount on treatment for
every 5 canned items brought in.  Call for details!
Family Dental Care at Winghaven, <u>636-561-5160</u>**

**November 1, 11:22AM**

4

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

20. Plaintiff did not expressly invite or permit Defendants to send that text message.

21. That text message was not sent as a result of any action by Plaintiff or in response to any request of Plaintiff.

22. That text message is worded as an advertisement intended for the general public, and was not a personal or individualized message intended solely for Plaintiff.

23. The purpose of the text message was to promote the existence of Defendants dental services.

24. Upon information and belief, the form, content, and context of that text message, that text message was sent to other cell phone numbers besides Plaintiff's.

25. Upon information and belief, the form, content, and context of that text message, that text message was sent using equipment that sends that same text message to a list of cellular telephone numbers in a random or sequential manner.

26. Upon information and belief, the form, content, and context of that text message, that text message was sent using equipment that sends multiple text message transmissions of the same message content to multiple cellular telephone numbers without human intervention.

27. The equipment used to send the text messages described herein is an "automated telephone dialing system" as that term is used in the TCPA and as interpreted by the Federal Communications Commission.

28. Defendants knew or should have known that: (a) the text messages were advertisements; (b) Plaintiff and the other members of the class had not given their prior consent to receive the text messages; and (c) that the TCPA restricted

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

the use of text messages for advertising purposes by requiring express consent from the recipients to send such text messages.

29. Defendants engaged in the transmission of such text messages believing such a transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

30. Defendants did not intend to send a such text messages to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions such text messages was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

31. Defendants failed to correctly determine the legal restrictions on the use of such text messages and the application of those restrictions to the transmission of such text messages both to others in general, and specifically to Plaintiff.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit on behalf of itself and all other persons similarly situated, as members of the proposed class (the "Class"):

> All cellular telephone account holders with a cellular telephone number to which a text message was sent by DUC TANG D.D.S. d/b/a Family Dental Care at Winghaven or HEARTLAND DENTAL CARE, LLC advertising the commercial availability of dental services without prior express permission or invitation.

33. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any members or managers of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

assigned to this action, and his or her family.

34. This action is brought and may properly be maintained as a class action pursuant to the provisions of 47 USC § 227, *et seq*. and the regulations promulgated thereunder. This action satisfies the numerosity, commonality, adequacy, and appropriateness requirements of those provisions.

35. **Numerosity/Impracticality of Joinder:** The members of the Class are so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records. On information and belief, the Class includes at least 40 persons.

36. **Commonality and Predominance:** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions do not vary from one Class member to another and may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

  a.  Whether Defendants' automated calls contained material advertising the commercial availability of any property, goods, or services;

  b.  Whether Defendants' conduct is governed by the TCPA;

  c.  Whether Defendants' conduct violated the TCPA;

  d.  Whether Defendants' automated text message telephone calls violated the TCPA;

  e.  Whether the class members are entitled to statutory damages;

7

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

f.      Whether Defendants violated the TCPA knowingly or recklessly and, if so, whether the class members are entitled to trebled statutory damages; and

g.      Whether Defendants committed an unfair practice prohibited by state consumer protection laws.

37. **Adequacy of Representation:**  Plaintiff and the other members of the nationwide Class received unsolicited text messages from Defendants.   Plaintiff is an adequate representative of the Class because her interests do not conflict with the interest of the members of the Class she seeks to represent.   Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action.  Plaintiff and her attorneys will fairly and adequately protect the interests of the Class.

38. **Appropriateness:**   A class action is an appropriate means for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members would be economically unfeasible and procedurally impracticable.  The individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties

8

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.

39. Plaintiff envisions no difficulty in the management of this action as a class action.

40. The class members and their damages may be determined based upon information maintained by or available to Defendants.

### COUNT I - TCPA

41. Plaintiff brings Count I on behalf of the Class pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

42. For this Count, the class period starts four years prior to the commencement date of this action and runs until the date the class opt-out period expires.

43. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

44. The TCPA provides in pertinent part as follows:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
...
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.... [47 U.S.C. §

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

227(b)(1)(A)(iii).]

45. Defendants sent unsolicited commercial text calls to Plaintiff and others using an automated telephone dialing system and/or using an artificial and prerecorded message to the cellular telephone numbers of the Class.

46. Defendants sent these text messages without obtaining the prior express invitation or permission of the called parties.

47. Defendants knew or should have known that it lacked the recipients' express invitation or permission before sending the text messages.

48. Defendants have therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

49. As a result of Defendants' illegal conduct, the members of the Class suffered actual damages and under section 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

50. If the Court determines that Defendants' violations of the TCPA were willful or knowing, then the Court should treble the statutory damages awarded to the members of the Class.  47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff, JENNY LARSON, respectfully requests judgment and relief against Defendants, DUC TANG D.D.S. d/b/a Family Dental Care at Winghaven, HEARTLAND DENTAL CARE, LLC, and JOHN DOES 1-10 jointly and severally, as follows:

A.     Find this action to be a proper class action and designate Plaintiff and the undersigned counsel as the representatives thereof;

B.     Find that Defendants' practices described herein violate the TCPA;

C.     Enjoin Defendants from further engaging in conduct which violates the TCPA;

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

    D.      Award statutory damages to Plaintiff and the other members of the Class;

    E.      If deemed appropriate, award treble damages in favor of Plaintiff and the other members of the Class; and

    F.      Grant any and all other relief that the Court may deem just and proper.

<div align="center">

**COUNT II**
**MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**Chapter 407**

</div>

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein, except the class period commences three years prior to the commencement of this action.

52. Defendants' unsolicited message practice is unfair, because it violates public policy and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

53. Defendants violated the unfairness predicate of the Missouri Consumer Fraud and Deceptive Business Practices Act, Chapter 407, and of the substantially similar Acts of other States, by engaging in an unscrupulous business practice and by violating public policy.  Those public policy violations in the aggregate caused substantial injury to dozens of persons.

54. Defendants' misconduct caused damages to Plaintiff and the other members of the class by using their cellular phones for Defendants' transmissions.

WHEREFORE, on behalf of itself and all others similarly situated, Plaintiff, JENNY LARSON, respectfully requests judgment and relief against Defendants, DUC TANG D.D.S.

Electronically Filed - St Charles Circuit Div - March 13, 2014 - 06:54 PM

d/b/a Family Dental Care at Winghaven, HEARTLAND DENTAL CARE, LLC, and JOHN DOES 1-10 jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award attorney fees and costs;

D.      That the Court enter an injunction prohibiting Defendants from sending unsolicited message advertisements to consumers; and

E.      Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

*Max G. Margulis*

Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

 **IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>NANCY L SCHNEIDER | Case Number:  1411-CC00247 |
|---|---|
| Plaintiff/Petitioner:<br>JENNY LARSON | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE RD.<br>CHESTERFIELD, MO  63017 |
| vs. | |
| Defendant/Respondent:<br>DUC TANG DDS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **DUC TANG DDS**
                          **Alias:**

**DUC TANG DDS**
**3009 WINGHAVEN BLVD**
**O FALLON, MO  63366**

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

       3/14/2014                          /S/ Judy Zerr
           Date                                  Clerk

*ST. CHARLES COUNTY*

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

               Subscribed and sworn to before me on _____ (date).

*(Seal)*

               My commission expires: _____       _____
                               Date                        Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY L SCHNEIDER | **Case Number:  1411-CC00247** |
| Plaintiff/Petitioner:<br>JENNY LARSON<br><div align="right">**vs.**</div> | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE RD.<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>DUC TANG DDS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

The State of Missouri to:  **HEARTLAND DENTAL CARE LLC**
<div align="center">**Alias:**</div>

**CSC LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR ST
JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

             **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    ___3/14/2014_____    _____/S/ Judy Zerr_____
              Date                                                 Clerk

Further Information:

---

<div align="center"><b>Sheriff's or Server's Return</b></div>

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server                        Signature of Sheriff or Server

<div align="center"><b>Must be sworn before a notary public if not served by an authorized officer:</b></div>

*(Seal)*      Subscribed and sworn to before me on _____ (date).

              My commission expires: _____    _____
                                 Date                          Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Charles Circuit Div - March 20, 2014 - 12:13 PM

STATE OF MISSOURI      )
                       )
ST. CHARLES COUNTY     )

## IN THE CIRCUIT COURT OF THE ST. CHARLES COUNTY
## STATE OF MISSOURI

JENNY LARSON, individually and on        )
behalf of others similarly-situated,     )
                                         )
                        Plaintiff,       )
                                         )      No.
            v.                           )
                                         )
DUC TANG D.D.S.,                         )
HEARTLAND DENTAL CARE, LLC               )
and JOHN DOES 1-10                       )
                                         )
                        Defendants.      )

### MOTION FOR CLASS CERTIFICATION [1]

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by

and through its undersigned counsel, and for its Motion for Class Certification, states

1.      This cause should be certified as a class because all of the necessary elements of

Rule 52.08 are met.

---

1.      Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n. 12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at * 4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).
2.

1

Electronically Filed - St Charles Circuit Div - March 20, 2014 - 12:13 PM

2.      Plaintiff requests that the Court certify a class, so the common claims of the Class members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

3.      Plaintiff proposes the following Class definition:

> All cellular telephone account holders with a cellular telephone number to which a text message was sent by DUC TANG D.D.S. d/b/a Family Dental Care at Winghaven or HEARTLAND DENTAL CARE, LLC advertising the commercial availability of dental services without prior express permission or invitation.

4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.      There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Electronically Filed - St Charles Circuit Div - March 20, 2014 - 12:13 PM

11.     Plaintiff requests additional time to file its supporting Memorandum of Law after the Court sets up an appropriate discovery schedule.     Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending text messages to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file its Memorandum of Law in Support of this Motion; and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022
F: (636) 536-6652
E-Mail: MaxMargulis@MargulisLaw.com

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was requested to be served on the Defendants Duc Tang, DDS and Heartland Dental Care, LLC by the St. Charles County sheriff and Cole County sheriff at the same time as the petition.



 **IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI** **FILED**

| Judge or Division:<br>NANCY L SCHNEIDER | Case Number: 1411-CC00247 |
|---|---|

**APR 0 4 2014**

**JUDY ZERR**
**CIRCUIT CLERK**
**ST. CHARLES CO.**

| Plaintiff/Petitioner:<br>JENNY LARSON | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE RD.<br>CHESTERFIELD, MO 63017 |
|---|---|
| | vs. |
| Defendant/Respondent:<br>DUC TANG DDS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | |

RECEIVED (File Stamp)
——— A.M. ——— P.M.

## Summons in Civil Case

| The State of Missouri to: DUC TANG DDS | |
|---|---|

Alias:

MAR 2 5 2014

DUC TANG DDS
3009 WINGHAVEN BLVD
O FALLON, MO 63366

**SHERIFF**
**ST. CHARLES CO. MO.**

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____3/14/2014_____          _____/S/ Judy Zerr_____
Date                                              Clerk

Further Information:

---

**Sheriff's or Server's Return**

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____          _____
Date                                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# St. Charles County Sheriff's Department
### 101 Sheriff Dierker Ct., O'FALLON, MO 63366

## RETURN OF SERVICE

| | | |
|---|---|---|
| Case Number<br>1411CC00247 | Court Date<br>04/13/2014 | Zone<br>05 |

Court
ST CHARLES
Defendant
DUC TANG DDS

Type of Document
CIVIL SUMMONS
Service Record Number
2014-004054

Party to be Served
DUC TANG DDS

Posting authorized

Posted property

Address

Posted public place

Work Address
3009 WINGHAVEN BLVD, OFALLON, MO 63366

Actual Party Served    *Duc Tang DDS*

Relationship/title

Date    *3-26-14*

Time    *1135*

Type of Service    *Personal*

Special Info/Pedigree
CLASS ACTION COMPLAINT - INJUNCTION  /  PLAINTIFF: JENNY LARSON

(Comments)

Signature    *Olo Bruce Bergsieker*    DSN *206*

Print Name    *Bruce Bergsieker*

**Service Fee** _____    **Mileage** _____    (optional)

**Posting Fee** _____

**Total**    *$43.75*

APR 0 2 PAID

SHERIFF
ST CHARLES CO., MO

Page    1 of 1              Printed   03/25/2014 1304              © 1994 - 2013, Information Technologies, Inc. http://www.itiusa.com

*14 SMCC 732*

# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY L SCHNEIDER | **Case Number: 1411-CC00247** |
| Plaintiff/Petitioner:<br>JENNY LARSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE RD.<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>DUC TANG DDS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | |

**RECEIVED**

MAR 2 7 2014

COLE COUNTY
SHERIFF'S OFFICE

**FILED** (Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  HEARTLAND DENTAL CARE LLC
Alias:

APR 0 7 2014

CSC LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

JUDY ZERR
CIRCUIT CLERK
ST CHARLES COUNTY

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

____3/14/2014____     _____/S/ Judy Zerr_____
Date                          Clerk

ST. CHARLES COUNTY

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
____SHELLY LEWIS____ (name)  ____DESIGN33____ (title).

☐ other _____
Served at  ____350 E. HIGH____  ____JEFFERSON CITY____ (address)
in  ____COLE____ (County/City of St. Louis), MO, on  __3__/__28__/__14__ (date) at  ____8 AM____ (time).
____GREG WHITE____                    ____[signature]____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____       _____
Date                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $__10.00__ |
| Mileage | $_____ ( ____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 14-SMCC-733**       1 of 1       Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Charles Circuit Div - April 24, 2014 - 02:42 PM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

JENNY LARSON, individually and on           )
behalf of others similarly-situated,        )
                                            )      Cause No. 1411-CC00247
            Plaintiff,                       )
                                            )
v.                                          )
                                            )
DUC TANG D.D.S,                             )
HEARTLAND DENTAL CARE, LLC,                 )
and JOHN DOES 1-10,                         )
                                            )
            Defendants.                      )

## ENTRY OF APPEARANCE

Come now Elizabeth S. Silker and Brown & James, P.C. and enter their

appearance as attorneys of record for the Defendants Duc Tang D.D.S. and Heartland

Dental Care, LLC.

BROWN & JAMES, P.C.


/s/ Elizabeth S. Silker
Steven H. Schwartz, #36436
Elizabeth S. Silker, #57640
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Phone: 314.421.3400
Fax: 314.421.3128
sschwartz@bjpc.com
bsilker@bjpc.com
*Attorneys for Defendants Duc Tang D.D.S. and
Heartland Dental Care, LLC*

Electronically Filed - St Charles Circuit Div - April 24, 2014 - 02:42 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2014, the foregoing was mailed via U.S. Mail and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Max G. Margulis                    Mr. Brian J. Wanca
Margulis Law Group                     Anderson + Wanca
28 Old Belle Monte Road                3701 Algonquin Road, Suite 760
Chesterfield, Missouri  63017          Rolling Meadows, Illinois  60008
MaxMargulis@MargulisLaw.com            bwanca@andersonwanca.com


                              /s/ Elizabeth S. Silker

11693643

2

Electronically Filed - St Charles Circuit Div - April 24, 2014 - 02:39 PM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JENNY LARSON, individually and on behalf of others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. 1411-CC00247 |
| v. | ) ) | |
| DUC TANG D.D.S, HEARTLAND DENTAL CARE, LLC, and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) ) | |

**ENTRY OF APPEARANCE**

Come now Steven H. Schwartz and Brown & James, P.C. and enter their appearance as attorneys of record for the Defendants Duc Tang D.D.S. and Heartland Dental Care, LLC.

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz, #36436
Elizabeth S. Silker, #57640
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Phone: 314.421.3400
Fax: 314.421.3128
sschwartz@bjpc.com
bsilker@bjpc.com
*Attorneys for Duc Tang D.D.S. and*
*Heartland Dental Care, LLC*

Electronically Filed - St Charles Circuit Div - April 24, 2014 - 02:39 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2014, the foregoing was mailed via U.S. Mail and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Max G. Margulis
Margulis Law Group
28 Old Belle Monte Road
Chesterfield, Missouri 63017
MaxMargulis@MargulisLaw.com

Mr. Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
bwanca@andersonwanca.com


/s/ Steven H. Schwartz

11693642

2